J-S21043-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :         PENNSYLVANIA
                              :
            v.                :
                              :
                              :
BRYAN JOSEPH SEDLAK,          :
                              :
          Appellant           :        No. 1748 WDA 2019

Appeal from the PCRA Order Entered September 3, 2019
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0015740-2007

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                FILED JUNE 26, 2020

Bryan Joseph Sedlak ("Sedlak") appeals, pro se, from the Order

dismissing his second Petition for relief filed pursuant to the Post Conviction

Relief Act ("PCRA").  See 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In a prior appeal, this Court set forth the relevant history underlying this

appeal as follows:

On February 18, 2009, a jury found [Sedlak] guilty of third[-
]degree murder and abuse of a corpse.  The charges arose from
[Sedlak]'s shooting of Patrick Kenney [("Kenney")] on February 2,
2005[,] at a tanning salon owned by [Sedlak] in Homestead[,
Pennsylvania].  [Sedlak] raised a defense of self-defense at trial[,]
claiming that Kenney, in a cocaine-fueled aggression, demanded
more cocaine from [Sedlak] at gunpoint.  [Sedlak] claimed that
Kenney opened fire first and that [Sedlak] killed [Kenney] by
returning fire.  The abuse of a corpse charge stemmed from
[Sedlak]'s [dismemberment] of [Kenney]'s body and [disposal of
it in sulfuric acid].

On August 10, 2009, [Sedlak] was sentenced to an
aggregate term of 19-38 years[] [in prison].  On April 7, 2011,
this [C]ourt affirmed the judgment of sentence, and on September

12, 2011, our [S]upreme [C]ourt denied [allowance of] appeal. Commonwealth v. Sedlak, 29 A.3d 825 (Pa. Super. 2011) (unpublished memorandum), appeal denied, 29 A.3d 373 (Pa. 2011).

Commonwealth v. Sedlak, 97 A.3d 808 (Pa. Super. 2014) (unpublished memorandum at 1-2).

Following an unsuccessful first PCRA Petition, on March 25, 2019, Sedlak, pro se, filed the instant second PCRA Petition. On July 30, 2019, the PCRA court issued a Notice of Intent to dismiss the Petition pursuant to Pa.R.Crim.P. 907. Sedlak filed a pro se Response to the Rule 907 Notice on August 19, 2019. On September 3, 2019, the PCRA court dismissed Sedlak's PCRA Petition as untimely filed. Sedlak filed a timely, pro se, Notice of Appeal on September 26, 2019. The PCRA court did not order Sedlak to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Sedlak did not file a concise statement. The PCRA court filed its 1925(a) Opinion on November 13, 2019.

Sedlak now presents the following claims for our review:

(1) Whether the PCRA court erred in determining that the PCRA [Petition] was untimely?

(2) Whether the PCRA court erred in determining that the claim of ineffective/deficient representation of counsel was untimely and meritless?

Brief for Appellant at 3 (some capitalization omitted).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the

- 2 -

evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." Id. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Sedlak's judgment of sentence became final in December 2011, when the time to file a petition for writ of certiorari with the United States Supreme Court expired. See 42 Pa.C.S.A. § 9545(b)(3); SUP. CT. R. 13. Thus, Sedlak's Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 3 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of the exceptions "shall be filed within one year of the date the claim could have been presented." Id. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." Commonwealth v. Spotz, 171 A.3d 675, 678 (Pa. 2017).

Sedlak fails to identify or invoke any of the timeliness exceptions set forth at section 9545(b)(1)(i)-(iii). Rather, Sedlak claims that PCRA court erred in determining that his PCRA Petition was untimely because Sedlak had demonstrated a "miscarriage of justice." Brief for Appellant at 5. Additionally, Sedlak asserts that "all prior counsel" were ineffective. Id. at 5-6. Sedlak argues that the alleged ineffectiveness "constituted a miscarriage of justice which is all that's required for the filing of a second PCRA [] outside of the statutory limit of one year." Id. at 5.

Sedlak has not invoked any of the exceptions to the PCRA time bar and, thus, this Court has no jurisdiction to hear the merits of his untimely PCRA. See Albrecht, supra. "There is no [']miscarriage of justice['] standard exception to the time requirements of the PCRA." Commonwealth v. Burton, 936 A.2d 521, 527 (Pa. Super. 2007). "[Pennsylvania courts] will

only entertain a [']miscarriage of justice['] claim when the initial timeliness requirement is met." Id. Additionally, Sedlak's claim of "all prior counsel['s]" ineffectiveness does not satisfy an exception to the PCRA time bar. See Commonwealth v. Zeigler, 148 A.3d 849, 853-54 (Pa. Super. 2016) (stating that a "claim of ineffective assistance of counsel does not save [an] otherwise untimely PCRA petition for review on the merits.") (citations omitted). Because Sedlak failed to plead and prove an exception to the PCRA's timeliness requirements, we cannot address the merits of his claims.

Based upon the foregoing, the PCRA court did not err in dismissing Sedlak's Petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2020